**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEPHEN G. DAVIS,

       Petitioner,

v.                                                                  Case No. 04-CV-71931-DT

MILLICENT WARREN,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

Petitioner Stephen G. Davis, a state prisoner currently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, Petioner asserts that he is being held in custody in violation of his constitutional rights.  Petitioner was convicted of first-degree home invasion following a jury trial in the Wayne County Circuit Court in 2001.  He was sentenced to 10 to 20 years imprisonment.

In his pleadings, Petitioner raises claims of prosecutorial misconduct, insufficient evidence, and ineffective assistance of trial counsel.  For the reasons set forth below, the court denies the petition for writ of habeas corpus.

**I.  BACKGROUND**

Petitioner's conviction arises from his entry into an antique shop and adjacent apartment located at 5143 Mt. Elliott in Detroit, Michigan on October 11, 2000.  The Michigan Court of Appeals set forth the relevant facts, which are presumed correct on

habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> The victim's living quarters were in an apartment above her antique shop. The building had two addresses and, in the front, separate doors gave entry into the shop and to the stairway to the upstairs apartment. However, a door inside the shop opened into the stairway area leading to the apartment. There was only one rear entrance into a storage area behind the antique shop.
>
> On the day of the crime, the victim returned to her building and entered through the locked rear door. She could see defendant in the shop area, retrieved a gun and shot him twice. She then forced him upstairs at gunpoint, retrieved another weapon and called police.

*People v. Davis*, No. 239302, 2003 WL 1698212, *1 (Mich. Ct. App. March 27, 2003) (unpublished).

Following his conviction and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claims presented in his present petition. The Michigan Court of Appeals affirmed his conviction. *People v. Davis*, No. 239302, 2003 WL 1698212 (Mich. Ct. App. March 27, 2003) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Davis*, 469 Mich. 950, 671 N.W.2d 48 (2003).

Petitioner thereafter filed his federal habeas petition, raising the following claims as grounds for relief:

I. The prosecutor's arguments, which contained repeated and unwarranted references to Petitioner as an expert and unsupported references to alleged aliases, constituted misconduct deliberately designed to prejudice the jury against Petitioner, and deprived him of a fair trial.

II. Petitioner's conviction for home invasion is not supported by sufficient evidence where the evidence did not establish that he entered a dwelling as required and defined by statute.

2

    III.      Petitioner was deprived of a fair trial where counsel rendered ineffective assistance at trial in failing to object to the prosecutor's misconduct.

Respondent has filed an answer to the habeas petition asserting that the claims should be denied based upon procedural default and/or for lack of merit.

## II. STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court

identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

28 U.S.C. § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. DISCUSSION

### A. Prosecutorial Misconduct Claims

Petitioner first alleges that he is entitled to habeas relief because the prosecutor engaged in misconduct by referring to him as an "expert" and by referring to his alleged aliases. Respondent contends that these claims are barred by procedural default and otherwise lack merit.

Habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Couch v. Jabe*, 951 F.2d 94 (6th Cir. 1991). In *Wainwright*, the United States Supreme Court explained that a petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default. *Wainwright*, 433 U.S. at 85. In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar. "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In denying relief on Petitioner's prosecutorial misconduct claims, the court relied upon a state

procedural bar -- Petitioner's failure to object to these matters at trial. *See Davis*, 2003 WL 1698212 at *1-2. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). In this case, the Michigan Court of Appeals denied these claims based upon Petitioner's failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

In this case, Petitioner alleges the ineffective assistance of trial counsel as cause to excuse his default. Even assuming that Petitioner could establish that counsel erred, however, he cannot establish prejudice as these claims lack merit. The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated

6

to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Id.*; *see also Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000) (citing *United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999)). "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

In this case, the Michigan Court of Appeals determined that the prosecutor's references to Petitioner as an "expert" were not inherently prejudicial and that any error was cured by the trial court's instructions. The Michigan Court of Appeals further concluded that although the prosecutor erred in remarking on Petitioner's alleged use of aliases, the error did not warrant reversal. *See Davis*, 2003 WL 1698212 at *2.

Having reviewed the record, this court finds that the Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. First, the prosecutor's reference to Petitioner as an "expert" was based upon Petitioner's testimony that he scavenged, collected, and sold antique architectural items. Such references, based upon reasonable inferences from the evidence, were proper. *See, e.g., Byrd v. Collins*, 209 F.3d 486, 535-36 (6th Cir. 2000). Second, although the prosecutor erred in referring to Petitioner's alleged use of aliases, Petitioner has not shown that this error was so flagrant as to deprive him of a fundamentally fair trial. While the prosecutor's argument was deliberate and somewhat prejudicial, it was relatively isolated in nature. Additionally, Petitioner denied the use of aliases and the trial court instructed the jury that the prosecutor's comments were not evidence. Moreover, given the evidence presented at trial, particularly the victim's testimony, it cannot be said that either of the disputed arguments rendered Petitioner's trial fundamentally unfair.

Lastly, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. These claims are thus barred by procedural default, otherwise lack merit, and do not warrant habeas relief.

## B. Insufficient Evidence Claim

Petitioner next asserts that he is entitled to habeas relief because the prosecutor presented insufficient evidence that he entered a "dwelling" to justify a conviction under Michigan's home invasion statute. Respondent contends that this claim lacks merit.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319; *see also Warren*, 161 F.3d at 360.

Michigan's first-degree home invasion statute provides:

A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

  (a) The person is armed with a dangerous weapon.
  (b) Another person is lawfully present in the dwelling.

Mich. Comp. L. § 750.110a(2); *see also People v. Sands*, 680 N.W.2d 500, 503 (2004). A dwelling is defined as "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." Mich. Comp. L. § 750.110a(1)(a).

Applying the *Jackson* standard, the Michigan Court of Appeals concluded that the prosecution presented sufficient evidence to support Petitioner's conviction for first-degree home invasion. *See Davis*, 2003 WL 1698212 at *1.

9

This court agrees and finds that the Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. Although Petitioner claims that he only entered the shop area of the building and thus could not be convicted of entering a dwelling for purposes of the home invasion statute, the record indicates that the shop and the victim's apartment were joined by an unlocked inside door such that Petitioner had access to the apartment. Based upon the victim's testimony and the other evidence at trial, a reasonable jury could find that Petitioner entered a "dwelling" within the meaning of Michigan's home invasion statute. Habeas relief is not warranted on this claim.

### C. Ineffective Assistance of Trial Counsel Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to object to the alleged instances of prosecutorial misconduct. Respondent contends that this claims lacks merit.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient

performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Applying the *Strickland* standard, the Michigan Court of Appeals concluded that Petitioner had not established that he was prejudiced by counsel's error in failing to object to the prosecutor's alias remarks. *Davis*, 2003 WL 1698212 at *2.

Having reviewed the matter, this court finds that the Michigan Court of Appeals' decision is neither contrary to *Strickland* nor an unreasonable application thereof. First, trial counsel was not deficient for failing to object to the "expert" references as such remarks did not constitute misconduct. *See* discussion *supra*. Second, although trial counsel may have erred in failing to object to the "alias" references, Petitioner has failed to show that there is a reasonable probability that the result of the trial would have been different or that his trial was rendered fundamentally unfair. The evidence of guilt was significant and Petitioner's defense to the charges was undermined by the statutory

11

language applicable to his offense.  Petitioner thus cannot establish that he was prejudiced by trial counsel's conduct in failing to object to the prosecutor's disputed comments.  Habeas relief is not warranted on this claim.

### IV.  CONCLUSION

For the reasons stated, the court concludes that Petitioner has failed to establish that he is entitled to habeas relief on the claims contained in his petition.  Accordingly,

IT IS ORDERED that Petitioner's petition for writ of habeas corpus [Dkt. #3] is DENIED and DISMISSED WITH PREJUDICE.  Given this determination, Petitioner's letter request seeking the production of 47 photographs [Dkt. #19] is DENIED.  Such materials were not necessary for the proper resolution of this matter.


    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 19, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 19, 2005, by electronic and/or ordinary mail.

    S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522