**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEPHEN G. DAVIS,

        Petitioner,

v.                              Case No. 04-CV-71931-DT

MILLICENT WARREN,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF
APPEALABILITY AND GRANTING PETITIONER'S MOTION FOR LEAVE
TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Pending before the court is Petitioner's motion for a certificate of appealability [Dkt. # 24] and motion for leave to appeal in *forma pauperis* [Dkt. # 25]. For the reasons stated below, the court will deny Petitioner's motion for a certificate of appealability and will grant Petitioner's leave to appeal *in forma pauperis*.

**I. THE CERTIFICATE OF APPEALABILITY**

**A. Standard of Review**

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

### B.  The Individual Claims

As discussed in the court's August 19, 2005 opinion, Petitioner's prosecutorial misconduct claims are barred by procedural default as he failed to properly raise those claims in the state courts and he has failed to establish cause and prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *see also Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right as to those claims. He has not shown that the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002). The prosecutor's reference to Petitioner as an "expert" was based upon reasonable inferences from the evidence and was not inherently prejudicial. While the prosecutor's "alias" references were improper, they were not so egregious as

to render the trial fundamentally unfair, particularly given the evidence of Petitioner's guilt.

Petitioner has also not made a substantial showing of the denial of a constitutional right as to his remaining claims. For example, as to his insufficient evidence claim, the record reveals that the prosecution presented ample evidence, including testimony from the victim, to establish that Petitioner entered a "dwelling" and was guilty of first-degree home invasion beyond a reasonable doubt as required by *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). As to his ineffective assistance of counsel claim, Petitioner cannot establish that he was prejudiced by trial counsel's conduct under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), as his prosecutorial misconduct claims lack merit.

The court thus concludes that Petitioner has not made a substantial showing of the denial of a constitutional right concerning his habeas claims, nor has he shown that reasonable jurists would find the court's procedural ruling debatable.

## II. PETITIONER'S MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Additionally, Petitioner has filed a "Motion to Proceed Without Payment of Filing Fees." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, at *3 (N.C. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need

only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Although the court finds that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith. The court, therefore, shall grant Petitioner's request to proceed without prepayment of the filing fee.

### III. CONCLUSION

IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. #24] is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for leave to proceed on appeal *in forma pauperis* [Dkt. # 25] is GRANTED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 3, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 3, 2005, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522